IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MISS GLORIA E. SCARNATI,

    Plaintiff,                        13cv1375
                                             **ELECTRONICALLY FILED**

    v.

J. JOHNSTON, *et al*,

    Defendants.

**MEMORANDUM ORDER RE: MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND MOTION FOR RECUSAL (DOC. NOS. 1 & 1-3)**

**I. Introduction**

Currently before the Court is frequent[1] *pro se* Plaintiff Gloria E. Scarnati's ("Plaintiff's") Motion for Leave to Proceed *In Forma Pauperis* and Motion for Recusal. Doc. Nos. 1 & 1-3. Attached to Plaintiff's Motion to Proceed *In Forma Pauperis* is her proposed Complaint against seventeen Defendants, almost all of whom are related to the post office (collectively "Defendants"). Doc. No. 1-1. Construed liberally, Plaintiff purports to bring her Complaint under a myriad of statutes, *inter alia*, 42 U.S.C. § 1983, 18 U.S.C. § 1702, 5 U.S.C. § 552a *et seq.*, and 28 U.S.C. § 1346(b). Doc. No. 1-1, ¶¶ 18-21. Plaintiff's Complaint contains seven causes of action. Counts I-IV allege causes of action under § 1983 for retaliation in violation of

---

[1] Plaintiff has previously filed the following actions in this Court: 95mc812; 95mc813; 01cv1188; 03cv974; 11cv1143; 12cv1289; and 13cv575. The United States Court of Appeals for the Third Circuit has: (1) dismissed Plaintiff's appeal of this Court's Order in 13cv575 as frivolous, *Scarnati v. Soc. Sec. Admin. of Phila. PA Office*, 2013 WL 4083276 (3d Cir. Aug. 14, 2013); (2) affirmed this Court's finding pursuant to 28 U.S.C. § 1915(a)(3) that her appeal in 12cv1289 was without merit, *Scarnati v. FBI*, 12-3817 (3d Cir. Nov. 2, 2012) (Clerk) (requiring her to pay the filing fee even though this Court had granted her leave to proceed *in forma pauperis*); (3) affirmed this Court's Order dismissing 11cv1143, *Scarnati v. PA Office of Inspector Gen.*, 469 F. App'x 75 (3d Cir. 2012); (4) affirmed Judge McVerry's dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) in 03cv974, *Scarnati v. Vanliner Ins. Co.*, 115 F. App'x 601 (3d Cir. 2004) (table); and (5) dismissed the appeal of Judge Bloch's Order in 95mc812, *Scarnati v. Grzandziel*, 96-3028 (3d Cir. Mar. 15, 1996).

the First, Fourth, Fifth, and Fourteenth Amendments respectively. Doc. No. 1-1, ¶¶ 129-143. Count V alleges a private nuisance under Pennsylvania common law. Id., ¶¶ 144-147. Count VI alleges slander/libel. Id., ¶¶ 148-150. Count VII alleges discrimination in violation of Title VII. Id., ¶¶ 151-167. For the reasons set forth below, Plaintiff's Motion for Recusal (Doc. No. 1-3) will be DENIED, her Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 1) will be GRANTED, and Plaintiff's Complaint (Doc. No. 1-1) will be DISMISSED WITH PREJUDICE.

## II. Standard of Review

### A. Motion for Recusal

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned.*" In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003).

The United States Supreme Court stated in *Liteky v. United States*, 510 U.S. 540 (1994) that "[i]t is wrong in theory, though it may not be too far off the mark as a practical matter, to suggest, as many opinions have, that 'extrajudicial source' is the only basis for establishing disqualifying bias or prejudice." *Id*. at 551. When a litigant does not cite to extrajudicial sources, the Judge's opinions and remarks must reveal a "deep-seated" or "high degree" of "favoritism or antagonism that would make fair judgment impossible." *Id*. at 555–56. The United States Court of Appeals for the Third Circuit has defined extrajudicial sources as "source[s] outside of the official proceedings." *United States v. Bertoli*, 40 F.3d 1384, 1412 (3d Cir. 1994). A Judge has just as much of an obligation not to recuse when it is unwarranted as to recuse when it is warranted. *Smith v. Danyo*, 441 F.Supp. 171, 175 (M.D. Pa. 1977).

**B. Prisoner Litigation Reform Act Screening[2]**

28 U.S.C. § 1915(e)(2) provides in relevant part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .

(B) the action []–

    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

The standard under which a District Court may dismiss an action as frivolous was clarified by the United States Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989). Dismissal is appropriate both when the action is "based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless." *Id*. at 327; *see also Mehta v. City of New Jersey City*, 360 F. App'x 270, 271 (3d Cir. 2010).

**III. Discussion**

    **A. Motion for Recusal**

Plaintiff argues that it is suspicious that the Clerk of Court has assigned all of her recent actions to this Court. However, LCvR 40(D)(3) requires that all *pro se* civil actions initiated by the same plaintiff be marked as related, and thus assigned to the same Judge. Accordingly, the Clerk of Court correctly marked this action as related to Plaintiff's previous actions and assigned the matter to this Court.

Plaintiff's only other argument is that this Court's statements in *Scarnati v. Soc. Sec. Admin. of Phila. PA Office,* 2013 WL 2253159 (W.D. Pa. May 22, 2013), were slanderous and

---

[2] Although Plaintiff is not a prisoner, the Prisoner Litigation Reform Act screening provisions apply to all *in forma pauperis* complaints. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n.19 (3d Cir. 2002).

thus prove bias against Plaintiff.  As this argument only rests on judicial, rather than extrajudicial statements, there must be a "deep-seated" or "high degree" of "favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555–56.  There is no evidence of such antagonism against Plaintiff by this Court.  The United States Court of Appeals for the Third Circuit affirmed this Court's finding that her prior Complaint was frivolous. *Scarnati v. Soc. Sec. Admin. of Phila. PA Office*, 2013 WL 4083276 (3d Cir. Aug. 14, 2013).  This Court did not make any statements that were slanderous towards Plaintiff, instead the Court focused on the lack of a factual foundation for her Complaint and the reasons for its dismissal.  The Court does not hold any strong beliefs about Plaintiff that would make fair judgment difficult, much less impossible.  Accordingly, Plaintiff's Motion for Recusal (Doc. No. 1-3) will be denied.

**B. Prisoner Litigation Reform Act Screening**

As with her prior actions, Plaintiff's Complaint focuses on an alleged conspiracy on behalf of the post office and individuals to "steal, copy, and read [P]laintiff's mail."  Doc. No. 1-1, ¶ 39.  Again, Plaintiff contends that this conspiracy to steal and read her mail is being orchestrated by the Polish mafia.  Id., ¶ 41.  Plaintiff makes unfounded allegations against certain Defendants, for example, stating that they "belong in a prison for the insane."  Id., ¶ 56.

Plaintiff further avers that one Defendant "is insanely jealous of her and wants to see [P]laintiff dead."  Id., ¶ 57.  Plaintiff alleges that certain Defendants have "no life or friends."  Id., ¶ 61.  Rather, Plaintiff contends that these defendants have to buy friends.  Id., ¶ 115.  Plaintiff implies that certain Defendants and the Polish mafia bribed other Defendants.  Id., ¶ 111.  According to Plaintiff, one Defendant is "insane, sociopathic, and extremely dangerous."  Id., ¶ 126.  Finally, Plaintiff alleges that one Defendant has "murdered [P]laintiff in Brentwood."  Id., ¶ 150.

4

In sum, Plaintiff's Complaint does not contain any viable cause of action against the post office, its employees, or private individuals. This is the same pattern that has evidenced itself in her previous filings with this Court. As with her previous Complaints, the Court finds that Plaintiff's Complaint is frivolous and thus should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IV. Order**

**AND NOW**, this 23rd day of September, 2013, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion for Recusal (Doc. No. 1-3) is **DENIED**;

2. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 1) is **GRANTED**;

3. Plaintiff's Complaint (Doc. No. 1-1) is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);[3]

4. The Court certifies that any appeal taken would not be in good faith. 28 U.S.C. § 1915(a)(3); *see also Douglas v. Osteen*, 317 F. App'x 97, 99 n.1 (3d Cir. 2009); and

5. The Clerk of Court is to mark this **CASE CLOSED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:  Gloria E. Scarnati
     PO Box 113524
     Pittsburgh, PA 15241

---

[3] The Court finds that any amendment to the Complaint would be futile. *See Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 217 (3d Cir. 2013) (leave to amend is not required when amendment would be futile).

5